UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARLTEZ PARKER | * | CIVIL ACTION |
| versus | * | NO. 11-3024 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | * | SECTION "F" |

ORDER AND REASONS

Before the Court are three sets of objections to the magistrate judge's initial report and recommendations, supplemental report and recommendations and second supplemental report and recommendations that the plaintiff's motion for summary judgment be denied and that defendant's cross-motion for summary judgment be granted.  For the reasons that follow, the Court remands the matter to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g) in light of the March 29, 2012 favorable decision.

**Background**

Only a brief recitation of the facts and procedural history is relevant to the disposition of this request for judicial review of an adverse insurance benefits determination.

This is an action for judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Michael J. Astrue, the Commissioner of Social Security, in which he denied Carltez Parker's applications for child disability insurance benefits and

1

supplemental security income.  On August 11, 2009 Carltez Parker filed an application for supplemental security income and an application for a period of disability and disability insurance benefits as a disabled adult child, alleging disability onset on July 22, 2009 due to the following: "bi-polar, diabetes, suicidal, depression, schizoaffective disorder and anxiety."  After the claims were initially denied on January 14, 2010, Parker requested a hearing, which was held on August 11, 2010 before Administrative Law Judge Benita A. Lobo.  On September 24, 2010 ALJ Lobo rendered an unfavorable decision.  In denying both applications for benefits, ALJ Lobo found that Parker was schizophrenic, meeting Listed Impairment 12.03 (Schizophrenic, paranoid and other psychotic disorders) and that he abused drugs, meeting Listed Impairment 12.09 (Substance addiction disorder).  However, ALJ Lobo also found that Parker suffered from "substance induced schizophrenia" such that, absent his polysubstance abuse,[1] Parker's impairments would not have resulted in disabling limitations and further found that, absent his drug use, Parker's remaining limitations would not prevent him from performing a significant number of jobs in the economy.[2]

---

[1] The ALJ determined that Parker abused alcohol, marijuana, and Xanax.

[2] In so finding, ALJ Lobo "accord[ed] considerable weight to Dr. Durdin's [consultive evaluations]" dated September 24 and November 23, 2009.

Thereafter, Parker's timely request for review was denied. On December 8, 2011 Parker sued Michael J. Astrue, the Commissioner of Social Security, seeking judicial review in this Court of the September 24, 2010 unfavorable decision. Significantly, while the parties' cross-motions for summary judgment were pending before the magistrate judge, the Social Security Administration issued a favorable ruling in which it granted Parker's subsequent benefits application, finding on March 29, 2012 that Parker met Listing 12.03 for Schizophrenia and that drug or alcohol abuse was not material to the determination that he was disabled. In the March 29, 2012 Decision, in which the alleged onset of disability was September 25, 2010,[3] ALJ Karen Wiedemann determined that:

> The claimant has...schizophrenia.... The severity of the claimant's impairment meets the criteria of section 12.03.... *The claimant was diagnosed with schizophrenia on July 30, 2009. Since this time, he has been hospitalized five times due to his bizarre behavior. He was hospitalized from September 1 to September 9, 2009;* from May 24, to June 1, 2010; from February 15 to March 10, 2011; from July 20 to July 31, 2011; and again from November 23 to December 2, 2011....
>
> The undersigned accords the opinion of the claimant's treating psychiatrist, Dr. Hoffman, controlling weight.... The State agency psychological consultant's mental assessment is given little weight because the opinions of Drs. Hoffman and Culver are more consistent with the record as a whole and evidence received at the hearing level shows that claimant is more limited than determined by the State agency consultant and that his limitations are not due to marijuana abuse. *Dr. Durdin's*

---

[3]Notably, September 25, 2010 is one day after the complained-of unfavorable decision and prior to the date of evidence establishing that Parker was clean (which was July 2011).

3

> *November 2009 consultive evaluation is also given little weight because it is not consistent with the record as a whole....*
>
> *The evidence shows that the claimant's limitations are due to his schizophrenia, not his marijuana smoking as surmised by Disability Determination Services.* The claimant testified he has not used marijuana since February 2011. More importantly, the two psychiatric admissions since that time, in July 2011 and November 2011, show that he tested negative for marijuana. *Even though he was clean, the claimant had the **same** bizarre and threatening behavior he had exhibited when smoking marijuana and had to be admitted to the hospital on a physician's emergency certificate.* Accordingly, the undersigned finds the claimant's marijuana abuse in remission is not a contributing factor material to the finding of disability....

March 29, 2012 Decision (internal citations omitted, emphasis added).

Without being notified that Parker had been granted benefits on March 29, 2012, the magistrate judge issued a first report and recommendations that the plaintiff's motion for summary judgment be denied and that the defendant's cross-motion be granted. In objecting to the R&R, the plaintiff contended, among other things, that the Court should accept the March 29, 2012 ALJ decision as new and material evidence warranting reversal and remand. Because the March 29, 2012 decision was not presented to the magistrate judge, this Court remanded to address in a supplemental R&R:

> whether the March 29, 2012 decision by the SSA, granting benefits to Parker (and finding that Parker was schizophrenic and that drug or alcohol abuse was not material to the determination that he was disabled), constitutes new and material evidence warranting reversal and remand.

See Order dated December 5, 2012.  The magistrate judge issued an order to show cause as to plaintiff's counsel to demonstrate why she should not be sanctioned for failing to bring to the magistrate judge's attention the March 29, 2012 decision; the magistrate judge also ordered briefing on whether the decision is new and material evidence.  Thereafter, the magistrate judge issued a supplemental report and recommendation, again recommending that the plaintiff's motion for summary judgment be denied and the defendant's cross motion be granted, and further finding that the March 29 Decision was not material to the adjudicated period at issue in the September 24, 2010 Decision.  The plaintiff filed a second set of objections.  In reviewing the second set of objections and the magistrate judge's supplemental report, the Court determined that remand was again appropriate and ordered that the magistrate judge submit

> a clarifying legal analysis of the issue of whether the SSA March 29, 2012 decision is material evidence warranting reversal and remand. Of particular significance to the Court is how the SSA's later finding (that Parker suffered from schizophrenia even when he was not using drugs) is not material to the SSA's previous unfavorable and seemingly substantively erroneous decision that hinged on the now questionable premise about Parker's schizophrenia and its relation to drug use.

See Order dated June 20, 2013.  The magistrate judge issued a second supplemental report and recommendation, making the same recommendation and, again, finding that the March 29 Decision was not material:

5

> The Second Decision is not material because the medical records relied upon by the ALJ concerned Parker's condition after the First Decision. The relevant medical records relate to psychiatric admissions in July 2011 and in November 2011; many months after the First Decision. The records do not relate to the time period under consideration in the First Decision.
>
> When the issue of remand is presented in these circumstances, the Fifth Circuit requires the Court to make two separate inquiries.... If the evidence does not relate to the time period for which disability benefits were denied, it is not necessary to consider the second inquiry (whether there is a reasonable probability that the new evidence would change the outcome of the Secretary's decision). As the Commissioner demonstrates, the evidence does not relate to the period for which disability benefits were denied by the First Decision.... The matter of particular concern to the District Judge appears to relate to the second inquiry.

The plaintiff now objects for a third time and asks that the Court reject the magistrate judge's report and recommendations, grant his motion for summary judgment, and reverse the Commissioner's decision; alternatively, the plaintiff requests that the Court remand to the Commissioner with instructions to grant benefits, or, alternatively, the plaintiff requests that the Court remand to the Commissioner to consider the March 29 Decision.

I.

The Court need not reach the merits of the plaintiff's substantive challenge to the September 24, 2010 unfavorable decision -- that the ALJ's finding that substance abuse is material to the determination of disability is contrary to relevant legal standards and unsupported by substantial evidence. Rather, the Court finds that the March 29, 2012 Decision is new and material

6

evidence warranting remand to the administrative level. Alternatively, remand is appropriate in light of the fact that the Court is faced with two inconsistent disability determinations covering an overlapping time period and based on overlapping evidence.

*A.*

As Judge Wisdom of the U.S. Fifth Circuit Court of Appeals instructed:

> When new evidence becomes available after the Secretary's decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. To justify a remand, 42 U.S.C. § 405(g) requires that the evidence is "new" and "material" as well as a showing of "good cause" for failing to provide this evidence at the original proceedings.

Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995)(internal citations omitted). In Ripley, the plaintiff had complained of back pain since 1988. Id. at 553. He filed an application for social security disability benefits for a period beginning July 1, 1988 and he had surgery on September 30, 1988. Id. at 554. On September 16, 1992 the ALJ rendered an unfavorable ruling, finding that Ripley was not disabled. Id. Ripley pursued judicial review. Meanwhile on February 2, 1994 Ripley underwent additional back surgery, which revealed the presence of significant scar tissue from the original surgery. Id. at 555. Nevertheless, on September 13, 1994 the district court granted summary judgment in favor of the Commissioner, upholding the denial of disability benefits. Id.

On appeal, Ripley argued that the district court erred in refusing to remand his case to the administrative level so that the new medical evidence obtained from the second surgery could be considered.  Id.  The Fifth Circuit agreed, invoking the following relevant standard:

> Reviewing the materiality of new evidence requires us to make separate inquiries: (1) whether the evidence relates to the time period for which the disability benefits were denied, and (2) whether there is a reasonable probability that this new evidence would change the outcome of the Secretary's decision.

Id.  Applying this standard, the Fifth Circuit found that the scar tissue evidence met both criteria.  Id.  First, the scar tissue related to the period for which benefits were sought because it resulted from the initial 1988 surgery -- it was not a condition that developed after the ALJ's unfavorable decision.  Id. at 556.  Thus, the consequences from its presence were material to the disability determination.  Id.  Second, the Fifth Circuit found that there was a reasonable probability that the new scar tissue evidence would have affected the outcome of the Secretary's decision: the ALJ had rejected Ripley's subjective complaints of pain because of a lack of corroborating objective medical evidence.  Id.  The new scar tissue evidence provided an objective basis for Ripley's subjective complaints.  Id.  Finally, the Fifth Circuit found good cause for failure to include the evidence in the initial proceedings in that the qualified judgment of Ripley's doctors was responsible for the delay.  Id.

*B.*

It is undisputed that the March 29, 2012 Decision is new evidence: it came into existence after the ALJ's September 24, 2010 unfavorable decision and was not received by the plaintiff until after the plaintiff submitted his motion for summary judgment. The parties dispute whether the March 29 Decision is material. The Commissioner contends that the March 29 Decision does not satisfy the materiality requirement because it does not relate to the adjudicated period before the first ALJ that is the subject of the plaintiff's lawsuit. The plaintiff counters that the new decision is material because it is relevant to whether Parker would have been disabled if he stopped using drugs and that, in fact, the March 29 Decision was based in part on evidence reflecting the plaintiff's condition during the adjudicated period before the first ALJ. The Court agrees with the plaintiff.

Even the Commissioner concedes that the ALJ rendering the favorable March 29 Decision considered five hospitalizations, two of which were during the initial adjudication period (pre-September 2010), as well as other evidence presented during the first adjudication. But the Commissioner contends that the plaintiff's second disability application met with a favorable determination "because he demonstrated a deterioration in his condition." This finds no support in the record; the Commissioner fails to point to the portion of the March 29 Decision in which ALJ Wiedemann found

9

deterioration.  In fact, in rendering a favorable decision, ALJ Wiedemann did not expressly find that Parker's condition had worsened; rather, ALJ Wiedemann considered new evidence in addition to evidence presented during the initial adjudication and nevertheless determined that Parker exhibited the "same bizarre...behavior":

> The claimant has...schizophrenia.... The severity of the claimant's impairment meets the criteria of section 12.03.... *The claimant was diagnosed with schizophrenia on July 30, 2009. Since this time, he has been hospitalized five times due to his bizarre behavior. He was hospitalized from September 1 to September 9, 2009*; from May 24, to June 1, 2010; from February 15 to March 10, 2011; from July 20 to July 31, 2011; and again from November 23 to December 2, 2011....
>
> The undersigned accords the opinion of the claimant's treating psychiatrist, Dr. Hoffman, controlling weight.... The State agency psychological consultant's mental assessment is given little weight because the opinions of Drs. Hoffman and Culver are more consistent with the record as a whole and evidence received at the hearing level shows that claimant is more limited than determined by the State agency consultant and that his limitations are not due to marijuana abuse. *Dr. Durdin's November 2009 consultive evaluation is also given little weight because it is not consistent with the record as a whole....*
>
> *The evidence shows that the claimant's limitations are due to his schizophrenia, not his marijuana smoking as surmised by Disability Determination Services.* The claimant testified he has not used marijuana since February 2011. More importantly, the two psychiatric admissions since that time, in July 2011 and November 2011, show that he tested negative for marijuana. *Even though he was clean, the claimant had the **same** bizarre and threatening behavior he had exhibited when smoking marijuana and had to be admitted to the hospital on a physician's emergency certificate.* Accordingly, the undersigned finds the claimant's marijuana abuse in remission is not a contributing factor material to the

    finding of disability....

See March 29, 2012 Decision (internal citations omitted, emphasis added).  This excerpt of the March 29 Decision shows that ALJ Wiedemann determined that Parker exhibited the "same" behavior he had exhibited when he smoked marijuana, which undermines the assumption that the first ALJ, ALJ Lobo, had made.  ALJ Lobo's unfavorable determination was based on the hypothetical assumption that, if Parker stopped abusing drugs, his "substance induced schizophrenia" would abate to a non-disabling level that would allow him to work.  But ALJ Wiedemann concluded on March 29, 2012 -- based on some evidence that pre-dated negative drug tests and some evidence that post-dated negative drug tests (and notably based on evidence in both adjudication periods) -- that Parker's drug abuse did not contribute materially to the finding of disability because the evidence showed that he exhibited the same bizarre behavior whether he was abusing drugs or not.  This new evidence, which concerns whether Parker's drug abuse was material to a finding of disabling Schizophrenia, clearly relates to the time period during which benefits were denied.  Indeed, he was denied benefits because ALJ Lobo, according considerable weight to Dr. Durdin's evaluations,[4] determined that if Parker stopped using drugs, his schizophrenia would abate to a non-disabling condition.

---

        [4]Evaluations which were discounted by ALJ Wiedemann as being inconsistent with other record evidence.

Furthermore, the Court finds, there is a reasonable probability that this new evidence would change the outcome of the September 24, 2010 unfavorable decision.  Parker notes, correctly, that the new decision finds him disabled on the same ground as the first decision: he meets Listing 12.03 for Schizophrenia.  The difference is that, in the new decision, ALJ Wiedemann found that drug addiction or alcoholism was not material because the plaintiff exhibited the same symptoms while provably abstaining from drugs. Parker contends that since the new decision is based on evidence showing that he in fact continued to suffer the same severity of symptoms despite abstinence from drugs, there is a reasonable probability that this new evidence, in undermining the first ALJ's "substance-induced schizophrenia" finding, would change the outcome of the prior decision.  The Court agrees.  It is reasonably probable that it will be determined on remand that, based on the March 29 Decision, during an adjudicated period when Parker was at first using drugs and then provably not using drugs, his Schizophrenia continued to be of disabling severity such that his symptoms were caused by Schizophrenia, not drugs, even during the period immediately preceding the favorable decision's adjudicated period.[5]

---

[5]Again, the disability onset date for the favorable March 2012 decision is September 25, 2010, one day after the ALJ Lobo's unfavorable decision.
    Finally, although not addressed by the parties or the magistrate judge, the Court finds good cause as to why the March 29

II.

Even if the Court accepted the magistrate judge's adoption of the Commissioner's position that the March 29 Decision was not material, remand would nevertheless be warranted. Again, it is notable that ALJ Wiedemann's determination that drug or alcohol abuse was not material dates back to September 25, 2010, just one day after the complained-of unfavorable decision and, also significantly, prior to the date of evidence establishing that Parker was clean.[6]  When the Court is faced with inconsistent disability determinations, especially where, as here, an award is based on an onset date coming in immediate proximity to an earlier denial of benefits, remand for further administrative scrutiny is appropriate to resolve the inconsistencies and determine whether the favorable determination should alter the initial, unfavorable determination. See, e.g., Fisher v. Astrue, No. 08-3630, 2009 WL 3672865 (E.D. La. Oct. 28, 2009)(Feldman, J.)(remanding to the

---

Decision was not produced earlier; in short, the favorable benefits determination could not have been produced during the prior unfavorable adjudicated period. Although the Court can conceive of an argument that had Parker submitted to drug testing during the initial adjudicated period, the ALJ may have had evidence of negative drug tests, it is not clear from the record whether or why Parker did not submit to regular drug testing during his treatment periods in the prior adjudicated benefits period. There are some assumptions made that during his prior hospital stays, he must have been clean. But the Court need not indulge any assumptions under the circumstances.

[6]The evidence suggests he was not drug-free until July 2011.

Commissioner for further proceedings in light of inconsistent disability determinations covering nearly the same time period and largely based upon the same evidence); Dominque v. Astrue, No. 12-1870, 2013 WL 1290269 (E.D. La. Mar. 7, 2013)(Chasez, M.J.)(same).

Accordingly, IT IS ORDERED: that this matter is REMANDED to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g) and consistent with this Order and Reasons.

New Orleans, Louisiana, November 27, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE