UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


CARLTEZ R. PARKER                                    CIVIL ACTION

v.                                                   NO. 11-3024

CAROLYN W. COLVIN,                                   SECTION "F"
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION


ORDER AND REASONS

Before the Court is the defendant's motion for
reconsideration of this Court's January 22, 2016 Order and Reasons
that awarded to the plaintiff $10,447.50 in Equal Access to Justice
Act attorney's fees.  For the reasons that follow, the motion is
DENIED.

**Background**

This action for judicial review of an adverse insurance
benefits determination was remanded back to the Commissioner on
November 27, 2013 in light of a March 29, 2012 administrative
decision favorable to the plaintiff.  See Order and Reasons dated
November 27, 2013.  The Court determined that the favorable
administrative decision issued while the federal complaint was
pending was new and material evidence warranting remand to the
administrative level.  The Court explained that "remand [was]
appropriate in light of the fact that the Court [was] faced with

1

two inconsistent disability determinations covering an overlapping time period and based on overlapping evidence." An administrative law judge conducted hearings and ultimately issued a fully favorable decision granting the plaintiff's August 11, 2009 disability applications. Because the plaintiff did not appeal the decision, the ALJ's September 25, 2015 decision is the Commissioner's final decision, and the matter was administratively closed.

After administrative proceedings were complete, on December 17, 2015, the defendant moved to reopen the case "so that this Court could issue a Judgement closing the case and Plaintiff could move for attorney fees pursuant to the Equal Access to Justice Act." The next day, the Court granted the motion to reopen; after receiving a proposed judgment from the plaintiff and a response from the defendant, Judgment was entered on January 6, 2016. Two days later, the plaintiff filed a motion for attorney's fees. The defendant failed to respond to the request. On January 22, 2016, the Court granted the plaintiff's motion, and ordered the Commissioner to pay the plaintiff a fee award of $10,447.50. The Commissioner now asks the Court to reconsider its Order and Reasons granting the fee award.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later

2

than 28 days after the entry of the judgment.  Fed.R.Civ.P. 59(e).
Rule 60(b), on the other hand, applies to motions filed after the
28-day period, but demands more "exacting substantive
requirements."  See Lavespere v. Niagara Machine & Tool Works, 910
F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds,
Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en
banc).

     "A Rule 59(e) motion 'calls into question the correctness of
a judgment.'"  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th
Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581
(5th Cir. 2002)).  Because of the interest in finality, Rule 59(e)
motions may only be granted if the moving party shows there was a
mistake of law or fact or presents newly discovered evidence that
could not have been discovered previously.  Id. at 478-79.
Moreover, Rule 59 motions should not be used to relitigate old
matters, raise new arguments, or submit evidence that could have
been presented earlier in the proceedings.  See id. at 479;
Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th
Cir. 2010)("a motion to alter or amend the judgment under Rule
59(e) 'must clearly establish either a manifest error of law or
fact or must present newly discovered evidence' and 'cannot be
used to raise arguments which could, and should, have been made
before the judgment issued'")(citing Rosenzweig v. Azurix Corp.,
332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States,

3

891 F.2d 1154, 1159 (5th Cir. 1990)); Infusion Resources, Inc. v.
Minimed, Inc., 351 F.3d 688, 696-97 (5th Cir. 2003)("a 59(e) motion
to reconsider should not be granted unless: (1) the facts
discovered are of such a nature that they would probably change
the outcome; (2) the facts alleged are actually newly discovered
and could not have been discovered earlier by proper diligence;
and (3) the facts are not merely cumulative or impeaching.").

A district court has considerable discretion to grant or to
deny a motion for reconsideration. See Edward H. Bohlin Co. v.
Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). The grant of such
a motion is an "extraordinary remedy that should be used
sparingly." Indep. Coca-Cola Employees' Union of Lake Charles,
No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx.
137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at
479). The Court must balance two important judicial imperatives
in deciding whether to reopen a case in response to a motion for
reconsideration: "(1) the need to bring the litigation to an end;
and (2) the need to render just decisions on the basis of all the
facts." Templet, 367 F.3d at 479.

Because the Court entered the challenged Order and Reasons on
January 22, 2016, and the Acting Commissioner filed her motion to
reconsider that same day, the motion is timely under Rule 59(e).

4

II.

In the January 22, 2016 Order and Reasons, in which the Court granted the plaintiff's request under the Equal Access to Justice Act, the Court wrote:

> The Equal Access to Justice Act provides that the Court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, the plaintiff submits that he was the prevailing party in his claim for supplemental social security income and disability insurance benefits under the Social Security Act, and that the position of the United States was not substantially justified. Consistent with the Commissioner's agreement in other cases that an attorney rate of $175 per hour is appropriate for social security cases in this District, the plaintiff submits that his attorney's hourly rate of $175.00 is reasonable and that $10,447.50 is a reasonable fee award for 59.70 hours of time. The Court finds that the EAJA prerequisites are met on this record.
> The EAJA fee award is payable to the prevailing litigant, not the attorney, <u>see Astrue v. Ratliff</u>, 560 U.S. 586, 591-93 (2010); however, the fee award may properly be mailed to plaintiff's counsel.

The defendant Acting Commissioner urges reconsideration of any attorney fee award on the ground that "[p]laintiff did not provide any support for his claim that the Commissioner was not substantially justified, but merely stated that the government has the burden to show that its position was substantially justified."

*A.*

The procedural and administrative history articulated in this Court's November 27, 2013 Order and Reasons remanding this matter

5

for further administrative proceedings is relevant given that reconsideration turns on whether or not the defendant's position was substantially justified in prior proceedings.  On August 11, 2009 Carltez Parker filed an application for supplemental security income and an application for a period of disability and disability insurance benefits as a disabled adult child, alleging disability onset on July 22, 2009 due to the following: "bi-polar, diabetes, suicidal, depression, schizoaffective disorder and anxiety." After the claims were initially denied on January 14, 2010, Parker requested a hearing, which was held on August 11, 2010 before Administrative Law Judge Benita A. Lobo.  On September 24, 2010 ALJ Lobo rendered an unfavorable decision.  In denying both applications for benefits, ALJ Lobo found that Parker was schizophrenic, meeting Listed Impairment 12.03 (Schizophrenic, paranoid and other psychotic disorders) and that he abused drugs, meeting Listed Impairment 12.09 (Substance addiction disorder). However, ALJ Lobo also found that Parker suffered from "substance induced schizophrenia" such that, absent his polysubstance abuse,[1] Parker's impairments would not have resulted in disabling limitations and further found that, absent his drug use, Parker's

---

[1]The ALJ determined that Parker abused alcohol, marijuana, and Xanax.

6

remaining limitations would not prevent him from performing a significant number of jobs in the economy.[2]

Thereafter, Parker's timely request for review was denied. On December 8, 2011 Parker sued Michael J. Astrue, the Commissioner of Social Security, seeking judicial review in this Court of the September 24, 2010 unfavorable decision. Significantly, while the parties' cross-motions for summary judgment were pending before the magistrate judge, the Social Security Administration issued a favorable ruling in which it granted Parker's subsequent benefits application, finding on March 29, 2012 that Parker met Listing 12.03 for Schizophrenia and that drug or alcohol abuse was not material to the determination that he was disabled. In the March 29, 2012 Decision, in which the alleged onset of disability was September 25, 2010,[3] ALJ Karen Wiedemann determined that:

> The claimant has...schizophrenia.... The severity of the claimant's impairment meets the criteria of section 12.03.... *The claimant was diagnosed with schizophrenia on July 30, 2009. Since this time, he has been hospitalized five times due to his bizarre behavior. He was hospitalized from September 1 to September 9, 2009;* from May 24, to June 1, 2010; from February 15 to March 10, 2011; from July 20 to July 31, 2011; and again from November 23 to December 2, 2011....

---

[2]In so finding, ALJ Lobo "accord[ed] considerable weight to Dr. Durdin's [consultive evaluations]" dated September 24 and November 23, 2009.

[3]Notably, September 25, 2010 is one day after the complained-of unfavorable decision and prior to the date of evidence establishing that Parker was clean (which was July 2011).

The undersigned accords the opinion of the claimant's treating psychiatrist, Dr. Hoffman, controlling weight....  The State agency psychological consultant's mental assessment is given little weight because the opinions of Drs. Hoffman and Culver are more consistent with the record as a whole and evidence received at the hearing level shows that claimant is more limited than determined by the State agency consultant and that his limitations are not due to marijuana abuse. *Dr. Durdin's November 2009 consultive evaluation is also given little weight because it is not consistent with the record as a whole....*

*The evidence shows that the claimant's limitations are due to his schizophrenia, not his marijuana smoking as surmised by Disability Determination Services.* The claimant testified he has not used marijuana since February 2011. More importantly, the two psychiatric admissions since that time, in July 2011 and November 2011, show that he tested negative for marijuana. *Even though he was clean, the claimant had the* **same** *bizarre and threatening behavior he had exhibited when smoking marijuana and had to be admitted to the hospital on a physician's emergency certificate.* Accordingly, the undersigned finds the claimant's marijuana abuse in remission is not a contributing factor material to the finding of disability....

March 29, 2012 Decision (internal citations omitted, emphasis added).

Without being notified that Parker had been granted benefits on March 29, 2012, the magistrate judge issued a first report and recommendations that the plaintiff's motion for summary judgment be denied and that the defendant's cross-motion be granted. In objecting to the R&R, the plaintiff contended, among other things, that the Court should accept the March 29, 2012 ALJ decision as new and material evidence warranting reversal and remand. Because

the March 29, 2012 decision was not presented to the magistrate

judge, this Court remanded to address in a supplemental R&R:

> whether the March 29, 2012 decision by the SSA, granting
> benefits to Parker (and finding that Parker was
> schizophrenic and that drug or alcohol abuse was not
> material to the determination that he was disabled),
> constitutes new and material evidence warranting
> reversal and remand.

See Order dated December 5, 2012.  The magistrate judge issued an

order to show cause as to plaintiff's counsel to demonstrate why

she should not be sanctioned for failing to bring to the magistrate

judge's attention the March 29, 2012 decision; the magistrate judge

also ordered briefing on whether the decision is new and material

evidence.  Thereafter, the magistrate judge issued a supplemental

report and recommendation, again recommending that the plaintiff's

motion for summary judgment be denied and the defendant's cross

motion be granted, and further finding that the March 29 Decision

was not material to the adjudicated period at issue in the

September 24, 2010 Decision.  The plaintiff filed a second set of

objections.  In reviewing the second set of objections and the

magistrate judge's supplemental report, the Court determined that

remand was again appropriate and ordered that the magistrate judge

submit

> a clarifying legal analysis of the issue of whether the
> SSA March 29, 2012 decision is material evidence
> warranting reversal and remand.  Of particular
> significance to the Court is how the SSA's later finding
> (that Parker suffered from schizophrenia even when he
> was not using drugs) is not material to the SSA's

9

> previous unfavorable and seemingly substantively
> erroneous decision that hinged on the now questionable
> premise about Parker's schizophrenia and its relation to
> drug use.

See Order dated June 20, 2013.  The magistrate judge issued a

second supplemental report and recommendation, making the same

recommendation and, again, finding that the March 29 Decision was

not material:

> The Second Decision is not material because the medical
> records relied upon by the ALJ concerned Parker's
> condition after the First Decision. The relevant medical
> records relate to psychiatric admissions in July 2011
> and in November 2011; many months after the First
> Decision. The records do not relate to the time period
> under consideration in the First Decision.
>
> When the issue of remand is presented in these
> circumstances, the Fifth Circuit requires the Court to
> make two separate inquiries.... If the evidence does
> not relate to the time period for which disability
> benefits were denied, it is not necessary to consider
> the second inquiry (whether there is a reasonable
> probability that the new evidence would change the
> outcome of the Secretary's decision).  As the
> Commissioner demonstrates, the evidence does not relate
> to the period for which disability benefits were denied
> by the First Decision.... The matter of particular
> concern to the District Judge appears to relate to the
> second inquiry.

The plaintiff objected for a third time and asked that the Court

reject the magistrate judge's report and recommendations, grant

his motion for summary judgment, and reverse the Commissioner's

decision; alternatively, the plaintiff requested that the Court

remand to the Commissioner with instructions to grant benefits,

or, alternatively, the plaintiff requested that the Court remand

to the Commissioner to consider the March 29 Decision.  On November 27, 2013, the Court remanded this matter to the Commissioner in light of the March 29, 2012 favorable decision, for proceedings consistent with its Order and Reasons.

*B.*

The Equal Access to Justice Act, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust.  Sims v. Apfel, 238 F.3d 597, 600-601 (5th Cir. 2001)(citing Commissioner v. Jean, 496 U.S. 154, 158 (1990)).  Here, the government contends only that its position was substantially justified.  To determine whether the government's position was substantially justified, "the Court must find that a genuine dispute exists in the case. The government's decision must be justified to a degree that could satisfy a reasonable person."  Nail v. Martinez, 391 F.3d 678, 684 (5th Cir. 2004).  In other words, substantially justified means a "reasonable basis both in law and in fact."  See Sims, 238 F.3d at 602 (citation omitted); see also Baker v. Bowen, 839 F.2d 1075, 1080 (5th Cir. 1988)("When a claim for attorney's fees is made, the government has the burden of showing that its position in every stage of the proceedings was substantially justified by

11

demonstrating that its actions had a reasonable basis both in law and fact.").

The defendant submits that, in fact, the Commissioner was substantially justified in defending the ALJ's decision; that, but for receiving a favorable decision in March 2012, the plaintiff cannot show that he would have received a successful result, and that it is clear that "a genuine dispute" existed in this case such that the Commissioner's argument was "justified to a degree that could satisfy a reasonable person." The plaintiff counters that even if the Commissioner's position was substantially justified up until the March 2012 remand, as soon as the March 2012 decision became part of the record, the Commissioner's denial of Parker's benefits would no longer satisfy a reasonable person that it was substantially justified in light of the entire record. The Court agrees.

To support its contention that its position was substantially justified, the defendant invokes the magistrate judge's recommendations that the Court uphold the first adverse benefits determination. But the defendant ignores the fact that the Court never adopted those recommendations. To the contrary, the Court ordered the magistrate judge to revisit the issues raised and ordered that the magistrate judge file not one, but two,

supplemental reports.[1]   Moreover, the government falls short of demonstrating that its position at every stage of the proceedings was reasonable in law and in fact.   On March 27, 2013, this Court rejected as unsupported in the record the Commissioner's argument that the March 2012 favorable decision resulted from a finding that the plaintiff demonstrated a deterioration in his condition. Agreeing that the favorable benefits determination undermined the first ALJ's "substance-induced schizophrenia" finding, the Court went on to find that:

> It is reasonably probable that it will be determined on remand that, based on the March 29 Decision, during an adjudicated period when Parker was at first using drugs then provably not using drugs, his Schizophrenia

_____

[1] The defendant refers to the Court's "refusal" to find that the ALJ or Commissioner erred at either the administrative or judicial level.     Such an argument misconstrues the substantial justification, or reasonableness, standard.   The substance of the Court's 14-page opinion remanding the case suffices to challenge the reasonableness of the first ALJ's decision and the Commissioner's litigation posture in support.   Even before that, the Court's June 20, 2013 Order remanding a second time to the magistrate judge suggested the unreasonableness of the Commissioner's position insofar as it would support a finding of marijuana-induced schizophrenia; that order required that the magistrate judge submit:

> A clarifying legal analysis of the issue of whether the SSA March 29, 2012 decision is material evidence warranting reversal and remand.     Of particular significance to the Court is how the SSA's later finding (that Parker suffered from schizophrenia even when he was not using drugs) is not material to the SSA's previous unfavorable and **seemingly substantively erroneous decision** that hinged on the **now questionable premise** about Parker's schizophrenia and its relation to drug use.
> (emphasis added)

continued to be of disabling severity such that his symptoms were caused by Shizophrenia, not drugs, even during the period immediately preceding the favorable decision's adjudicated period.

See Order and Reasons dated 11/27/13.[2]

The defendant fails to persuade the Court that the extraordinary remedy of reconsideration is warranted.[3]  Even if the Court looked anew at the appropriateness of the fee award, the defendant has failed to demonstrate that its position was substantially justified, particularly following the favorable benefits determination and this Court's decision to remand. Considering the factual record, and with the benefit of a second favorable benefits determination that undermined the credibility of the first adverse determination, it was unreasonable for the

---

[2] Alternatively, the Court also found that the inconsistent disability determinations independently warranted remand.

[3] The Commissioner submits that it did not file an opposition to the plaintiff's motion for attorney's fees because agency counsel was not aware of the filing due to mistake or excusable neglect. Agency counsel suggests that its excusable neglect was due to the fact that agency counsel does not receive notifications of electronic filings through the Court's electronic filing system. This excuse hardly seems credible or sufficiently compelling to warrant reconsideration, considering that it is likely within agency counsel's control whether or not it may receive email notifications.  At the very least, agency counsel could request that the enrolled attorney at the local United State's Attorney's Office, who is listed on the docket sheet and does receive email notifications from Court electronic filings, notify agency counsel of filings that require a response.  Agency counsel's excuse is more troubling considering that it was defendant's counsel that filed the unopposed motion to reopen the case for the very purpose that judgment would be entered so that the plaintiff could request an EAJA fee award.

14

defendant to continue to defend the first ALJ's finding that Parker suffered from "substance induced schizophrenia."

Accordingly, IT IS ORDERED: that the Commissioner's motion to reconsider the Court's January 22, 2016 Order and Reasons is hereby DENIED.

New Orleans, Louisiana, March _9_, 2016

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE